UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15CV-00806-DW

**NANCY L. WILLIAMS**                                                                          **PLAINTIFF**

**VS.**

**CAROLYN W. COLVIN, Acting**
**Commissioner of Social Security**                                                    **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

The Commissioner of Social Security denied Nancy L. Williams' application for disability insurance benefits.  Williams seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C.  405(g).  Williams, proceeding *pro se* (DN 15), and the Commissioner (DN 18) have each filed a Fact and Law Summary.  Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 7).

### FINDINGS OF FACT

Nancy Williams ("Williams") is 51-years-old, lives in Louisville, Kentucky, and completed half of a master's degree in education. (Tr. 128).  Williams previously worked as a clerk and court assistant at the Commonwealth of Kentucky from 1998 through 2000 and as a

teacher for the Jefferson County Board of Education from 2000 to 2012. (Tr. 129). In February of 2012, Williams stopped working because of her diabetes. (Tr. 130).

Williams applied for Disability Insurance Benefits ("DIB") under Title II claiming that she became disabled on February 20, 2012 (Tr. 348), as a result of her carpal tunnel syndrome, neuropathy, fibromyalgia, gastroparesis, GERD, arthritis, diabetes, depression, and anxiety (Tr. 364). Her application was denied initially and again on reconsideration. (Tr. 278, 283). On January 14, 2014, Administrative Law Judge Candace A. McDaniel ("ALJ"), conducted a hearing in Louisville, Kentucky. (Tr. 125). Williams appeared in person and was represented by counsel (Tr. 126). Sharon Lane, an impartial vocational expert also appeared at the hearing (Id.). The ALJ issued an unfavorable decision on May 23, 2014 (Tr. 115).

The ALJ applied the traditional five-step sequential analysis promulgated by the Commissioner, 20 C.F.R § 404.1520; Kyle v. Comm'r of Soc. Sec., 609 F.3d 847, 855 (6th Cir. 2010), and found as follows. First, Williams has not engaged in substantial gainful activity since February 20, 2012, her alleged onset date. (Tr. 105). Second, Williams has the severe impairments of "diabetes mellitus with peripheral neuropathy; status post carpal tunnel release and thumb trigger release on right hand; lumbar spondylosis; attention deficit disorder; and anxiety." (Id.). Third, none of Williams' impairments or combination of impairments meets or medically equals the severity of a listed impairment from 20 C.F.R. Pt. 404, Subpt. P, App'x 1. (Id.). Fourth, Williams has the residual functional capacity ("RFC") to perform sedentary work with the following limitations:

> [S]he cannot climb ladders, ropes or scaffolds. She could occasionally climb ramps and stairs. She could occasionally stoop, crouch, crawl or kneel. She would need to avoid concentrated exposure to cold, vibration and hazards (unprotected heights and operation of dangerous moving machinery), but she can drive some. She could frequently, not constantly use her left hand and right

> hands for gross manipulation, fine manipulation and reaching. She is limited to simple, repetitive tasks. She has the ability to maintain concentration and persistence over a two-hour period in an eight-hour workday and over the week. She could interact appropriately with co-workers and supervisors as needed for task completion. The claimant would not need to interact with the public for task completion, but could have occasional superficial interaction.

(Tr. 107). Additionally, Williams is unable to perform any past relevant work. (Tr. 113). Fifth and finally, considering Williams' age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform. (Tr. 114).

Williams appealed the ALJ's decision (Tr. 94-95), but the Appeals Council declined review. (Tr. 1). As a result, Williams appealed to this Court. (DN 1).

## CONCLUSIONS OF LAW

### A. Standard of Review

When reviewing the Administrative Law Judge's decision to deny disability benefits, the Court may "not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). Instead, the Court's review of the Administrative Law Judge's decision is limited to an inquiry as to whether the Administrative Law Judge's findings were supported by substantial evidence, 42 U.S.C. § 405(g); Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001) (citations omitted), and whether the Administrative Law Judge employed the proper legal standards in reaching her conclusion. See Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence exists "when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993).

B. Analysis

Williams is proceeding *pro se* in this appeal. *Pro se* documents are to be liberally construed, and Williams' Fact and Law Summary will be so construed. See Erickson v. Pardus, 551 U.S. 89, 95, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). After reviewing Willams' Fact and Law Summary, it appears she is advancing only one argument – that her attorney failed to submit medical evidence from 2015 to the Appeals Council for review. (DN 15). Williams specifically states that these records present a new diagnosis of Addison's disease and ALS in 2015 and, if the Appeals Council had access to that evidence, it would have reversed its decision in her favor. (Id.). The Commissioner argues that the evidence Williams references is not relevant to her claim for disability insurance benefits because her period of disability ends in 2014, but, even if it was relevant, Williams is not entitled to a sentence six remand based on new evidence. (DN 18).

At the outset, evidence submitted to the Appeals Council or to a reviewing court after the Administrative Law Judge's decision "cannot be considered part of the record for purposes of substantial evidence review." Foster, 279 F.3d at 357 (citing Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996)); *see also* Bass v. McMahon, 499 F.3d 506, 512-13 (6th Cir. 2007) (review of the Commissioner's decision is limited to the record made before the ALJ). Rather, the district court can remand the case for further administrative proceedings in light of the evidence pursuant to "sentence six" of 42 U.S.C. § 405(g). Cline, 96 F.3d at 148. A "sentence six" remand allows for the consideration of additional evidence only if the plaintiff demonstrates (1) the evidence is "new" and "material" and (2) "good cause" for the failure to present the evidence to the Administrative Law Judge. Ferguson v. Comm'r of Soc. Sec., 628 F.3d 269, 276 (6th Cir. 2010) (citing Foster, 279 F.3d at 357). "The party seeking a remand bears the burden of

showing that these two requirements are met." Hollon ex rel. Hollon v. Comm'r of Soc. Sec., 447 F.3d 477, 483 (6th Cir. 2006) (citing Foster, 279 F.3d at 357).

A review of the record indicates that Williams' attorney, Michael P. Sullivan, did submit numerous records to the Appeals Council with dates ranging from July 25, 2014 to March 2, 2015. (Tr. 8, 10, 16, 26, 56, 60, 64, 83). The Appeals Council looked at these records but noted that because the ALJ decided Williams' case through May 23, 2014, any records after that date are "about a later time" and do not affect the decision as to whether she was disabled beginning on or before May 23, 2014. (Tr. 2). The Appeals Council advised that if Williams wants her disability after May 23, 2014 considered, she will need to file a new application. (Id.).

Now, Williams has attached "reports of medical treatment" to her Fact and Law Summary that it appears she completed herself. (DN 15, at pp. 3-12). These reports reference medical visits between March 24, 2015 and October of 2015 and physical therapy visits between December 22, 2014 and June of 2105. (Id. at pp. 4, 10). These visits all occurred after the ALJ's decision and some occurred after the Appeals Council's decision. Yet Williams does not attach any of the supporting medical records for these treatment visits and physical therapy appointments.

Williams has likely established that her "reports of medical treatment" were "new" because these reports post-date the ALJ's determination. Regardless, Williams cannot prove these reports are "material." For evidence to be considered "material," the claimant must prove the evidence "would likely change the Commissioner's decision." Sizemore v. Sec'y of Health & Human Servs., 865 F.2d 709, 711 (6th Cir. 1988); Bass, 499 F.3d at 513. Not only does Williams fail to attach the actual treatment records she references in her reports but she also only vaguely describes the evidence these records allegedly contain. For instance, Williams' reports indicate that Dr. Brown performed a swallowing or breathing test (DN 15, at p. 5), that a neurological

consultation indicated "80% possibility ALS" and she has "motor neuron disease" (Id. at p. 6), and that Dr. Alt performed nerve conduction testing in her arms/legs (Id. at p. 9). Williams also submits a letter to her attorney noting her diagnoses of Addison's disease by her endocrinologist and motor neuron disease by her neurologist. (Id. at p. 12). None of this information is sufficient to persuade the Court that the alleged records would have altered the ALJ's determination. Further, as noted by the Commissioner, Williams' attorney, and the Appeals Council, records post-dating the ALJ's decision do not relate to whether Williams was disabled beginning on or before May 23, 2014. (DN 18, at p.6; DN 15, at p. 17; Tr. 3). Williams should have filed a new application for benefits if she wanted her disability after May 23, 2014 to be considered. (Tr. 2).

The Court, accordingly, finds Williams has not met her burden for proving a sentence six remand is warranted.

ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED.**

This is a final and appealable Order and there is no just cause for delay.

Copies:    Nancy L. Williams, *pro se*
           Counsel

6